IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM JAMES NUNN, | ) | |
| | ) | Civil No. 06-518-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN BELLEQUE, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

  Attorney for Petitioner

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

  Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner William James Nunn brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges convictions for Rape, Sodomy, Unlawful Sexual Penetration, Kidnapping and Assault. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On August 6, 1998, the Lane County Grand Jury returned an indictment charging Nunn with one count of Rape in the First Degree, three counts of Sodomy in the First Degree, two counts of Unlawful Sexual Penetration in the First Degree, one count of Kidnapping in the First Degree and one count of Assault in the Fourth Degree. Respondent's Exhibit 102. A jury found Nunn guilty on all counts and the court imposed a sentence totaling 300 months. Respondent's Exhibit 101, pp. 4-5.

Nunn directly appealed his sentence, but the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Nunn, 170 Or. App. 159, 10 P.3d 335 (2000), rev. denied 331 Or. 536, 19 P.3d 355 (2000); Respondent's Exhibits 103-107.

Nunn next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Nunn v. Czerniak, Marion County Circuit Court Case No. 01C-18327. On appeal, the

2 - FINDINGS AND RECOMMENDATION

Oregon Court of Appeals granted respondent's unopposed Motion for Summary Affirmance, and the Oregon Supreme Court denied review. Nunn v. Czerniak, 2005 Or. LEXIS 759; Respondent's Exhibits 129-134.

On April 18, 2006, Nunn filed this action. His grounds for relief can be summarized as follows:

1. Ground One: The trial court erred in denying defendant's motion for new trial, which denied him his Constitutional Rights under the Sixth and Fourteenth Amendments to the Constitution of the United States, and under Article 1, §§ 11, and 16 of the Oregon Constitution.

   Supporting Facts: Petitioner's motion for a new trial was based on a juror letter submitted to the trial court after receipt of the verdict but prior to sentencing which read:

   "Dear Judge Foote, regarding William Nunn case, I was juror #320, * * *. I am still very troubled about how and why the jurors based their verdict on. The jury foreman, (which voluntarily took the role) actually said "well this guy has a past record, obviously the cops stacked as many charges against him as they could, so let's help them out and put the last nail in the coffin". Another lady said "It's only a matter of time before he kills someone." This group was like a linch [sic] mob in an old western. I don't think I'd ever ask for a jury trial, after being on this jury. When you sentence Mr. Nunn please remember that this jury based their decision on his past and speculation of what was to come. Mr. Nunn got a fair trial, but I know in my heart that he did not get a fair and impartial jury. * * * "

2. Ground Two: Petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to file a timely motion for a new trial.

   Supporting Facts: * * * Trial counsel filed a motion for a new trial on November 13, 1998. This motion was filed after the verdict of October 22, 1998 but before the sentencing on December 4, 1998. This motion was

3 - FINDINGS AND RECOMMENDATION

     denied. Under Oregon Law a motion for a new trial needed to be filed within five days after the filing of the judgment sought to be set aside. A motion for a new trial filed before the filing of the judgment was premature and untimely.

3. Ground Three: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to request a polling or to request that the court investigate the jury in light of the letter by Juror #320 concerning alleged Juror misconduct. Polling or having the judge investigate the jury conduct would have determined the level of misconduct and clearly provided the basis for a new trial.

4. Ground Four: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to have an expert witness examine the door hinge to see if the blood was the victim's even though petitioner specifically requested his attorney to do so.

5. Ground Five: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions as follows: petitioner requested an expert on scrapes, cuts and bruises in an attempt to show the bruises were not of the type usually associated with rape or violence.

6. Ground Six: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to call the checkout clerk in Albertson's that would have confirmed that the petitioner was in Albertson's alone for seven to ten minutes.

7. Ground Seven: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to call the doctor of record, Daniel M. Dietel, M.D., that had written up the report and examined the victim.

8. Ground Eight: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to call Officer William Reimers, the officer that filled out the Forensic Laboratory Information form.

4 - FINDINGS AND RECOMMENDATION

9. Ground Nine: The petitioner was denied his right to assistance of trial counsel as guaranteed by the state and federal constitutions when counsel failed to object to prosecutorial misconduct by prosecutor, Bob Gorham, who deprived the petitioner of a fair trial by withholding exculpatory evidence.

10. Ground Ten: Petitioner was denied effective assistance of Appellate counsel when counsel failed to raise on appeal the fact that the trial court abused its discretion when it refused to grant petitioner's written motion and supplemental memorandum for a new trial after the Court received a letter from a Juror that very clearly stated Juror Misconduct had taken place during the deliberation in petitioner's case.

   [The content of the letter is set forth above in Ground One]

11. Ground Eleven: Petitioner was denied effective assistance of Appellate counsel when counsel failed to raise on appeal the fact that the trial court did not investigate the jury misconduct issue further.[1]

Respondent asks the court to deny relief on the Petition because Nunn has procedurally defaulted the claims set forth in Grounds Three through Eleven and because the remaining two grounds were correctly denied on the merits in state court decisions that are entitled to deference. Nunn briefs only his Ground One claim and submits no argument on the remaining grounds beyond a footnote indicating that he believes they are meritorious.

///

///

---

[1] Petitioner indicates that he raises twelve Grounds for relief in his Petition. Petition for Writ of Habeas Corpus (#1), p. 6. However, his ineffective assistance of trial counsel claim for failing to file a timely motion for a new trial (Ground Two above) is presented twice. Id. at 5, Attachment A, p. 1.

5 - FINDINGS AND RECOMMENDATION

## DISCUSSION

### I.  Unargued Claims (Grounds Two through Eleven)

Notwithstanding the fact that respondent briefed all the claims set forth in the Petition, Nunn does not provide argument to support the merits of the claims set forth in Grounds Two through Eleven. He merely states in his supporting memorandum that "[w]hile [he] believes these claims are meritorious, this memorandum will focus on [his] claim that the trial court erred in denying his new trial motion based on juror impartiality." Memorandum in Support (#31), p. 11.[2] The court has nevertheless reviewed the record as to Nunn's Grounds Two through Eleven claims and determined that they would not entitle him to relief. See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### II.  Merits (Ground One)

#### A.  Standard of Review

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was:  (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

---

[2] Grounds Three through Eleven are clearly procedurally defaulted and Nunn admits as much in his Petition. Petition (#1), pp. 6-7.

6 - FINDINGS AND RECOMMENDATION

the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Nunn bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

///
///
///

7 - FINDINGS AND RECOMMENDATION

B. **Analysis**

1. **Expansion of the Record**

Nunn contends that he was denied his Sixth and Fourteenth Amendment right to an impartial jury when the trial court denied his motion for a new trial following the court's receipt of a post-verdict letter from Juror Joann Wiley ("Wiley letter"). Memorandum in Support (#31), p. 1. In addition, Nunn contends that the Wiley letter presented a colorable claim of juror bias requiring the trial court to conduct further inquiry, and that the trial court failed to conduct such an inquiry. Id. at 15. The Wiley letter reads as follows:

> I was juror #320, * * *. I am still very troubled about how and why the jurors based their verdict on. The jury foreman, (which voluntarily took the role) actually said "well this guy has a past record, obviously the cops stacked as many charges against him as they could, so let's help them out and put the last nail in the coffin. Another lady said "It's only a matter of time before he kills someone." This group was like a linch [sic] mob in an old western. I don't think I'd ever ask for a jury trial, after being on this jury. When you sentence Mr. Nunn please remember that this jury based their decision on his past and speculation of what was to come. Mr. Nunn got a fair trial, but I know in my heart he did not get a fair and impartial jury.

Respondent's Exhibit 110.

In addition to the Wiley letter, Nunn seeks to support his claim of trial court error with reference to an affidavit from Juror Wiley produced during his PCR proceeding ("Wiley affidavit"). Memorandum in Support (#31), p. 8; Respondent's Exhibit 116. In the affidavit, Ms. Wiley reiterates the same concerns she expressed

8 - FINDINGS AND RECOMMENDATION

in her post-verdict letter to the trial court and additionally attests that: (1) the volunteer foreman had "[i]mmediately [become] domineering and controlling of the other jurors. Without hearing any testimony, the foreman surmised that William [N]unn was guilty. It was so obvious to me that this man had already convinced the jury to find him guilty based on their prejudice and not on the facts of the case, which we hadn't even heard"; (2) "[a]nother female juror talked about an experience she had had, being held against her will by an ex boyfriend when she was young, how scared and intimidated she was, even though she didn't get physically hurt. She made it clear that she could relate to what the accuser went through. I knew she had already found William [N]unn guilty as well"; and (3) that the decision of the jury should have been a crime in itself--"[n]ot the decision they made but _what_ and _how_ they based their decision on." Respondent's Exhibit 116, pp. 1-2. The Wiley affidavit alleges that the alleged juror misconduct occurred prior to the jurors hearing any testimony in the case -- a fact that Nunn relies heavily on in his argument before this court.

The additional information contained in the Wiley affidavit was not before the trial court when it denied Nunn's motion for a new trial. Nevertheless, Nunn presumes this court will consider the affidavit's contents in its assessment of his Ground One trial court error claim. In addition, he asks the court for permission

9 - FINDINGS AND RECOMMENDATION

to contact all members of his trial jury and asks the court to hold an evidentiary hearing. Memorandum in Support (#31), p. 22.

Rule 7 of the Rules Governing § 2254 Cases provides that "[i]f the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination." However, because Nunn asks the court to evaluate his claim of constitutional error in light of evidence which he did not present to the state court decision maker, he must meet the evidentiary hearing requirements of 28 U.S.C. § 2254(e)(2). Holland v. Jackson, 542 U.S. 649, 653 (2004)(§ 2254(e)(2) requirements apply when a prisoner seeks relief based on new evidence, even where he does not request an evidentiary hearing).

Nunn is not entitled to an evidentiary hearing in this federal court to further develop the merits of his claim unless he diligently attempted to develop the evidence in state court, but was unable to do so. Williams v. Taylor, 529 U.S. 420, 433-38 (2000). If Nunn failed to diligently develop the evidence, an evidentiary hearing is permitted only if his claim relies on: 1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or 2) a factual predicate that could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(I) and (ii). In addition, the facts underlying the claim must be sufficient to establish by clear and

10 - FINDINGS AND RECOMMENDATION

convincing evidence, that no reasonable fact finder would have found the Nunn guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B).

Nunn makes no effort to demonstrate that he diligently attempted to develop the merits of his claim in state court. Rather, he merely states that "to the extent the Court believes the current record is not sufficient to warrant a grant of habeas relief, [he] requests permission to contact all members of his trial jury [and] requests an evidentiary hearing." Memorandum in Support (#31), p. 22. Moreover, any attempt by Nunn to demonstrate diligence would be undermined by the fact that in his PCR Petition and in his federal habeas petition (Ground Three), he alleges that his trial counsel was ineffective for failing to request a polling or request that the court investigate the jury in light of the Wiley letter. Respondent's Exhibit 108, p. 3; Petition for Writ of Habeas Corpus (#1), Attachment A, p. 1. Though Nunn does not brief the merits of that claim here, he cannot both raise it in his PCR proceeding and in federal habeas, and then legitimately contend that counsel diligently attempted to develop the merits of the trial court error claim.

Furthermore, in my review of the record, I note that upon receipt of the letter from the trial court, defense counsel filed a Motion for New Trial. Respondent's Exhibit 121. At the hearing on the motion he stated that when he reviewed the letter, he surmised he had two options: to request permission to contact

11 - FINDINGS AND RECOMMENDATION

Ms. Wiley; or to file the motion based solely on the allegations in the letter. Memorandum in Support (#31), p. 4 (citing December 4, 1998 Transcript at 3-4). Counsel believed the letter itself revealed two clear violations of the court's instructions warranting a new trial. Id. The court assumed the truth of the allegations in the letter and denied the motion. Id. (citing December 4, 1998 Transcript at 7-8). At the end of the hearing, counsel stated:

> The only issue I have in regards to that, Your Honor, is the Court indicated that Ms. Wiley's letter -- you were taking that at face value. If there was some value in calling Ms. Wiley to the stand to testify, then I would renew my motion for a new trial and request permission of the Court to contact Ms. Wiley through my investigator and to potentially subpoena her for purposes of testifying. If what you are saying about that letter is that you take it at face value, then I'm not sure that gets us, gets us anywhere . . . .

Id. (quoting December 4, 1998 Transcript at 16-17). The trial court responded that it did take the letter at face value. Id.

Counsel never formally requested permission to contact Ms. Wiley or any other jurors, nor did he ask to poll the jury or for the court to conduct an independent investigation into the alleged misconduct referenced in the Wiley letter. It is apparent that counsel believed that the information in the letter was sufficient to warrant a new trial.

Accordingly, though Nunn would like this court to consider the contents of the Wiley affidavit in its review of the trial court's denial of his motion for a new trial, I decline to do so. The

12 - FINDINGS AND RECOMMENDATION

Supreme Court has made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. Holland, 542 U.S. at 652 (citations omitted). Counsel did not diligently attempt to uncover additional evidence involving juror misconduct. Had he done so, the information later revealed during his PCR proceeding, as well as any information he now seeks in his request for permission to contact all of his trial jurors, presumably could have been discovered. At the very least, he would have exercised necessary diligence in attempting to develop the merits of his trial court error claim. Nunn has not met the requirements for expansion of the record. As such, the Wiley affidavit is not properly before this court and Nunn's requests to contact all his trial jurors and for an evidentiary hearing are denied.[3]

### 2. Extrinsic Information

Nunn can prevail on his Ground One claim only if the trial court's denial of his motion for a new trial based on its determination that the allegations referenced in the Wiley letter were internal to the jury deliberations such that the court could not "go behind" the verdict, was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. Nunn contends that the Wiley letter revealed that the jury was exposed to prejudicial extraneous

---

[3] Nunn does not contend that the limitations set forth in § 2254(e)(2)(A) & (B) are met.

information warranting a new trial. Memorandum in Support (#31), p. 19.

"Federal Rule of Evidence 606(b) is grounded in the common-law rule against admission of jury testimony to impeach a verdict and the exception for juror testimony relating to extraneous influences." Tanner v. U.S., 483 U.S. 107, 121 (1987)(citations omitted).

Federal Rule of Evidence 606(b) provides that:

> [A] juror may not testify as to any manner or statement occurring during the course of the jury deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, [or] (2) whether any outside influence was improperly brought to bear upon any juror. . . A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Fed.R.Evid. 606(b).

Accordingly, should I determine that the allegations in the Wiley letter are not extrinsically prejudicial in nature, Nunn cannot prevail on his claim. I do note that, "intrajury communications may constitute prejudicial extrinsic evidence sufficient to require a new trial." United States v. Keating, 147 F.3d 895, 902 (9th Cir. 1998); Jeffries v. Wood, 114 F.3d 1484, 1490 (9th Cir. 1987)(when a juror communicates objective extrinsic facts about the defendant to other jurors, the juror becomes an unsworn witness within the meaning of the Confrontation Clause).

14 - FINDINGS AND RECOMMENDATION

Nunn contends that the jury deliberations in his case were influenced by information extraneous to the evidence presented in court. Memorandum in Support (#31), p. 14. However, the cases cited by Nunn do not support that conclusion. The allegations contained in the Wiley letter: that the jury had considered Nunn's criminal record for an improper purpose; that it had improperly focused on the number of charges the state brought against him; and that it had speculated about future crimes he might commit, are not the sort of objective extrinsic facts about Nunn or his alleged crimes that would trigger a duty in the trial court to intervene.[4]

Nunn suggests that his jury was exposed to the same kind of prejudicial information as the jury in Lawson v. Borg, 60 F.3d 608 (9th Cir. 1995), a case in which the Ninth Circuit found prejudicial juror misconduct based on juror statements. Memorandum in Support (#31), pp. 18-19. I disagree. Though both cases involved intrajury communications, the juror communications at issue in Lawson came from affidavits alleging that during deliberations a juror stated that he had: talked to people (non-jurors) about the defendant since the case started and they said defendant was very violent; heard about defendant around town that

---

[4] Nunn asserts that in Ms. Wiley's letter to the trial court, "[she] stated that the jury foreman *informed* the jury that 'this guy has a past record.'" Memorandum in Support (#31), p. 19 (emphasis added). I note that there is no indication in the Wiley letter as to when the foreman made his alleged statements and Nunn himself testified at trial about his criminal record. Respondent's Exhibit 110; Transcript of Proceedings, Volume 3-A, pp. 289-90.

15 - FINDINGS AND RECOMMENDATION

he did not have a good reputation; and gone around town and checked on the defendant and talked to people about him and therefore knew he had violent temper. Lawson, 60 F.3d at 610. If anything, Lawson underscores the difference between the extrinsic information at issue there and the non-extrinsic information set forth in the Wiley letter.

There is no basis for concluding that trial court's determination that the contents of the Wiley letter did not invoke extraneous information, was in error. Nunn testified about his criminal record; the trial court detailed the charges against him during jury selection; and, as the trial court noted in denying Nunn's motion for a new trial, the statement that it's only a matter of time before he kills someone "may well [have been] based upon the evidence that they heard and their assessment of the evidence. . . ." Memorandum in Support (#31), p. 5 (citing December 4, 1998 Transcript at 7-8).[5]

Because the Wiley letter does not allege that extraneous prejudicial information was improperly brought before the jury, Nunn cannot demonstrate that the trial court's decision denying his motion for a new trial was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

---

[5] Though I have not, for the aforementioned reasons, factored the Wiley affidavit into my consideration of Nunn's Ground One claim, I note that the question as to whether it contains extrinsic information is a close one.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) and Nunn's Request for Permission to Contact Jurors and for an Evidentiary Hearing (#31) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due May 16, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of

17 - FINDINGS AND RECOMMENDATION

appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 2nd day of May, 2008.

/s/ Paul Papak
Paul Papak
United States Magistrate Judge

18 - FINDINGS AND RECOMMENDATION